**CONCOURSE REHABILITATION & NURSING CENTER INC. and Concourse Nursing Home, Plaintiffs,**

v.

**Brian WING, individually and as Acting Commissioner of the New York State Department of Social Services and Barbara A. Debouno, individually and as Commissioner of the New York State Department of Health, Defendants.**

No. 96 Civ. 7939 (MBM).

United States District Court, S.D. New York.

Nov. 22, 1996.

Marvin Neiman, Neiman Ginsburg & Mairanz, New York City, for Plaintiffs.

Dennis C. Vacco, Attorney General of the State of New York, James M. Hershler, Assistant Attorney General, New York City, for Defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiffs, Concourse Rehabilitation & Nursing Center Inc. and Concourse Nursing Home (together "Concourse"), move for an injunction—which they characterize incorrectly as a "stay"—pending their appeal of my October 23, 1996 Order (the "Order") denying their application for an Order to Show Cause for preliminary injunctive relief against the Commissioners of the New York State Departments of Health ("DOH") and Social Services. Plaintiffs' initially moved for reargument, but they have since withdrawn the reargument motion and instead seek to appeal the Order. I will rely on plaintiffs' submissions relating to their withdrawn motion for reargument as the basis for their application for an injunction, which will be denied for the reasons summarized below.

Under Fed.R.Civ.P. 62(c), when an appeal is taken from an interlocutory order denying an injunction, "the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." Here, however, plaintiffs are not entitled to an injunction because they have failed once again to demonstrate that this court is not barred by the Eleventh Amendment from issuing an injunction.

In my Order, I found that the Eleventh Amendment barred plaintiffs' request for injunctive relief because they alleged merely that defendants had violated state law and not federal law. Now, plaintiffs claim that they may sue defendants under 42 U.S.C. § 1983 because defendants violated the federal Medicaid Act, 42 U.S.C. § 1396 et seq.. Under the Medicaid Act, states participating in the federal Medicaid program must submit to the federal government an administrative plan (the "state plan") which complies with certain criteria. Id. Plaintiffs do not claim that New York's state plan fails to meet the federal requirements. Rather, they claim that defendants violated the provisions of the state plan.

Plaintiffs' request for a "stay" must fail because they still only allege state, and not federal law violations. In Oberlander v. Perales, 740 F.2d 116 (2d Cir.1984), the plaintiff claimed that the DOH had improperly recomputed the plaintiff's original Medicaid reimbursement rate. To demonstrate a federal statutory claim, the plaintiff claimed that the state had violated one of the regulations which had been incorporated into the state plan. The plaintiff argued that once the state plan was submitted to the federal government, "any violation of [the plan] is ipso facto a violation of the federal Medicaid laws and regulations." Id. at 119 (quotations and emphasis omitted).

The Oberlander Court flatly rejected this claim, finding that the plaintiff's allegations did not state a federal statutory claim. The Court held that "there is no authority anywhere supporting the proposition that a state Medicaid regulation becomes a federal law merely by virtue of its inclusion in a state plan required by federal law." Id. Rather, the Court stated that a plaintiff claims a violation of federal law only where the plaintiff alleges a conflict between the federal statutory requirements and the state plan.

**742**

*Id.* In *Oberlander,* no such conflict had been alleged; rather, the plaintiff had merely alleged improper application of the state plan to the plaintiff and therefore that federal statutory claim was dismissed.

Here, plaintiffs' allegations are similar in substance to those in *Oberlander.* Plaintiffs claim that defendants violated regulations contained in the New York state plan by miscalculating the plaintiffs' reimbursement rate and, in the process, acted outside the scope of their authority. However, plaintiffs have not alleged any conflict between the federal Medicaid statute and the state plan. Rather, their claim concerns the improper application of the plan to a particular health provider, which is a claim under state law.

Plaintiffs claim that *Oberlander* is no longer valid in light of *Wilder v. Virginia Hospital Assoc.,* 496 U.S. 498, 110 S.Ct. 2510, 110 L.Ed.2d. 455 (1990). The *Wilder* plaintiffs alleged that the Virginia state plan reimbursement rates were not "reasonable and adequate" as is required by the federal statute. *Id.* at 503, 110 S.Ct. at 2514. *Wilder* held that a claim that the state plan conflicted with the federal statute—the type of case which *Oberlander* held would state a federal claim—was actionable under 42 U.S.C. § 1983. *Id.* at 523, 110 S.Ct. at 2524–25; *see also Clifton v. Schafer,* 969 F.2d 278, 285 (7th Cir.1992) ("*Wilder* held simply that health care providers could sue to enforce their right to a state plan that did not violate the Boren Amendment; it did not hold that providers had a right to challenge any deviation the state might make from a plan that did comply with federal law."). Thus, *Wilder* did not overrule *Oberlander.* Plaintiffs' mischaracterization of both *Oberlander* and *Wilder* is particularly regrettable because their attorney represented the unsuccessful plaintiff in *Oberlander* and should know better.

Plaintiffs cite one case which held that a claim that the state violated its state plan constitutes a federal claim. *Oklahoma Nursing Home Assoc. v. Demps,* 792 F.Supp. 721, 728 (W.D.Okla.1992). That case rejected *Oberlander,* and found that the Medicaid statute, specifically 42 U.S.C. §§ 1396a(a)(1) and 1396c, require compliance with the state plan, and the failure to comply would violate federal law. Even if I agreed with that Court's reading of the relevant statutory provisions, which I respectfully but emphatically do not, I must follow *Oberlander.*

Again, plaintiffs have failed to allege a violation of federal law and therefore are barred under the Eleventh Amendment from obtaining an injunction against defendants.

For the reasons stated above, plaintiffs' motion for an injunction pending appeal is denied.

SO ORDERED.